UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANNE JOUBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>BERND LIENHARD, et al.,<br><br>    Defendants. | Case No. 19-CV-02651-LHK<br><br>**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. No. 26 |

Defendants Bernd Lienhard and Silicon Space Technology Corporation (collectively, "Defendants") bring a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). ECF No. 26. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Defendants' motion.

## I. BACKGROUND

Plaintiff at all relevant times was a resident of Santa Clara County in California. ECF No. 1-1 ("Compl.") ¶ 1. Defendant Vorago is a Delaware corporation with its principal place of business in Texas. *Id.* ¶ 2. Defendant Lienhard is the Chief Executive Officer of Vorago and is a resident of Texas. ECF No. 26-3 ("Lienhard Decl.") ¶¶ 2, 8.

The instant case arises out of Plaintiff Anne Joubert's ("Plaintiff") employment with and

United States District Court
Northern District of California

1 termination from Defendant Silicon Space Technology Corporation, d/b/a Vorago Technologies

2 ("Vorago"). Plaintiff contends that, after she was recruited by Defendant Lienhard, the parties

3 signed an employment agreement in September 2015. ECF No. 27-1 ("Joubert Decl.") ¶¶ 5–7.

4 Plaintiff claims that, over the course of her employment through 2018, Defendants repeatedly

5 failed to pay her annual bonuses pursuant to the parties' agreement. Compl. ¶ 20. Defendants

6 eventually terminated Plaintiff's employment on April 6, 2018. *Id.* ¶¶ 29–30.

7 As a result, Plaintiff filed a complaint with the California Superior Court for the County of

8 Santa Clara on February 13, 2019. Compl. at 1. Plaintiff asserts eleven different claims, including

9 breach of contract, fraud, and various violations of California employment law. *See id.* On May

10 15, 2019, Defendants removed the case to federal court on the basis of diversity jurisdiction. ECF

11 No. 1 ¶ 6.

12 On October 15, 2019, Defendants filed the instant motion to transfer the case to the

13 Western District of Texas. ECF No. 26 ("Mot."). On October 29, 2019, Plaintiff filed an

14 opposition. ECF No. 27 ("Opp'n"). On November 5, 2019, Defendants filed a reply. ECF No. 28

15 ("Reply").

16 In connection with Plaintiff's opposition, Plaintiff filed a request for judicial notice of a

17 number of Vorago's filings with the California Secretary of State regarding Vorago's California

18 corporate status and registration. *See* ECF No. 27-3. Defendant opposes Plaintiff's request for

19 judicial notice. ECF No. 33. Because the Court finds that the documents at issue are not pertinent

20 to the Court's ultimate disposition of the instant motion, the Court DENIES Plaintiff's request for

21 judicial notice.

22 Similarly, the parties each filed a number of evidentiary objections to the declarations filed

23 in support of the parties' briefs. *See* ECF Nos. 27-4, 27-5, 31, 32. In fact, Defendants assert 116

24 evidentiary objections to Plaintiff's 34-paragraph declaration. Many of these evidentiary

25 objections are completely baseless and nonsensical. *See, e.g.*, ECF No. 31 ¶ 10 (objecting to

26 Plaintiff's statement that she "verbally accepted [Defendant's] offer" on the basis that she "lacks

27 foundation" and that her statement constitutes "[i]mproper opinion of a lay witness"). In addition,

28

2

Case No. 19-CV-02651-LHK
ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

1  the parties' evidentiary objections violate Civil Local Rule 7-3, which requires evidentiary or procedural objections to be included in the respective briefs and count toward the respective briefing page limits. The Court OVERRULES the parties' evidentiary objections and admonishes them that any future filings asserting frivolous arguments, unduly multiplying the proceedings, and violating the Civil Local Rules may be subject to sanctions. *See* Fed. R. Civ. P. 11(b).

## II.     LEGAL STANDARD

A motion to transfer venue from one district to another is governed by 28 U.S.C. § 1404(a). That statute states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Generally, the party seeking transfer bears the burden of showing that transfer is appropriate. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).

Under the plain text of the statute, the moving party must make two showings in order to justify transfer. First, the transferee forum must be one in which the case "might have been brought." *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). "In determining whether an action 'might have been brought' in a district, the court looks to whether the action initially could have been commenced in that district." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). Second, provided the case could have been brought in the proposed transferee forum, the movant must persuade the court that considerations of "convenience of parties and witnesses" and "the interest of justice" weigh in favor of transfer. *Earth Island Inst. v. Quinn*, 56 F. Supp. 3d 1110, 1117 (N.D. Cal. 2014). The Ninth Circuit has identified a number of specific but non-exhaustive factors which "the court may consider" in analyzing those overarching statutory considerations: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, . . . (8) the ease of

3

Case No. 19-CV-02651-LHK
ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

access to sources of proof," (9) "the presence of a forum selection clause," if any; and (10) "the relevant public policy of the forum state, if any." *Jones,* 211 F.3d at 498–99.

A district court is not restricted to the pleadings on a motion transfer and may consider, *inter alia*, "undisputed facts supported by affidavits, depositions, stipulations, or other relevant documents." *FastCap, LLC v. Snake River Tool Co., LLC*, No. 15-CV-02764-JSC, 2015 WL 6828196, at *2 (N.D. Cal. Nov. 6, 2015). Section 1404(a) affords the court significant discretion to transfer the case based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

## III. DISCUSSION

In the instant motion, Defendants seek to transfer this case to the Western District of Texas. Plaintiff opposes transfer to the Western District of Texas on three grounds. First, Plaintiff claims that transfer should be denied because Defendant's request is a "dilatory tactic" that would prejudice Plaintiff. Opp'n at 8–9. Second, Plaintiff also argues that transfer would "violate multiple strong California public policies." Opp'n at 10–15. Third, Plaintiff argues that the convenience and fairness considerations under § 1404(a) do not justify transferring the case to the Western District of Texas. Opp'n at 15–24.

Because the Court agrees with Plaintiff's third argument that Defendant has failed to show that the convenience and fairness considerations weigh in favor of transfer, the Court need not reach Plaintiff's other arguments. Instead, the Court first considers whether the case could have been commenced in the Western District of Texas and then turns to whether the convenience and fairness factors justify transfer.

### A. The Instant Case Might Have Been Brought in the Western District of Texas

The first requirement for transfer, as set forth in 28 U.S.C. § 1404, is that the transferee forum must be one in which the case "might have been brought." *Hoffman*, 363 U.S. at 344. An action might have been brought in a district court if "(1) [that district court] has subject matter jurisdiction; (2) defendants would have been subject to personal jurisdiction; and (3) venue would

4

Case No. 19-CV-02651-LHK
ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

have been proper." *Duffy v. Facebook, Inc.*, No. 16-CV-06764-JSC, 2017 WL 1739109, at *3 (N.D. Cal. May 4, 2017).

Plaintiff does not address—and so apparently does not dispute—Defendants' contention that the instant action could have been brought in the Western District of Texas. The Court agrees and addresses in turn each of the three elements: (1) subject matter jurisdiction, (2) personal jurisdiction, and (3) venue.

As to the first element, the Court agrees that the Western District of Texas would have subject matter jurisdiction pursuant to diversity of citizenship. Plaintiff is a citizen of California. Compl. ¶¶ 1, 4. Defendant Vorago is a Delaware corporation and maintains its principal place of business in Texas. ECF No. 26-3 ("Lienhard Decl.") ¶ 4. Defendant Lienhard is a citizen of Texas. *Id.* ¶ 8. Plaintiff seeks compensatory damages "in excess of $500,000" for her wrongful termination and other economic losses, in addition to penalties and fees. Compl. ¶ 1. Accordingly, the Western District of Texas would have subject matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

As to the second element, both named defendants would be subject to personal jurisdiction in Texas because they are Texas citizens, as set forth above.

As to the third element, venue would be proper in the Western District of Texas. The venue provision, 28 U.S.C. § 1391, provides that a civil action may be brought in a "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Both Defendants are residents of Austin, which lies within the Western District of Texas. Lienhard Decl. ¶¶ 4, 8.

In sum, the Western District of Texas would have had both subject matter jurisdiction and personal jurisdiction, and venue would have been appropriate there. The Court thus concludes that the instant case "might have been brought" in the Western District of Texas. *See* 28 U.S.C. § 1404(a).

**A. Convenience and the Interest of Justice Favor Transfer**

The Court now turns to the second requirement for transfer: that considerations of

5
Case No. 19-CV-02651-LHK
ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

"convenience of parties and witnesses" and "the interest of justice" weigh in favor of transfer. Below, the Court analyzes these statutory factors as well as other considerations that the parties have raised. The Court ultimately finds that Defendants have not met their burden of justifying transfer from this court to the Western District of Texas.

### 1. Plaintiff's Choice of Forum

"[G]reat weight is generally accorded [to] plaintiff's choice of forum." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). However, courts must consider the parties' contacts with the forum, particularly with respect to a plaintiff's causes of action, to determine how much weight to accord the plaintiff's choice of forum. *Id.* "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration." *Id.* Defendants argue that Plaintiff's choice of forum should be accorded little weight because the parties and the claims have minimal contacts with California. The Court disagrees.

Plaintiff filed a declaration in support of her opposition, ECF No. 27-1 ("Joubert Decl."), in which she attested that Defendants reached out from Texas and recruited her in California for the position beginning in June 2015 and "intensif[ying] in August and September 2015." *Id.* ¶ 5. The parties exchanged numerous emails and phone calls during this period, which were sent from Texas and which Plaintiff received in California. *Id.* Defendant Lienhard met with Plaintiff at a restaurant in California on September 18, 2015 and extended a verbal offer of employment at the conclusion of their meeting. *Id.* Plaintiff accepted the verbal offer at the restaurant. *Id.* Plaintiff states that Defendants in Texas sent her a signed offer letter at her home in California, which she countersigned and returned to Defendants. *Id.* ¶ 6. Thereafter, Plaintiff's employment was based in California because Plaintiff primarily worked from her residence in Mountain View, California, which is located in this District. *Id.* ¶ 9. Defendants do not dispute Plaintiff's account, and Plaintiff's declaration is consistent with Defendant Lienhard's declaration. *See* Lienhard Decl. Defendants argue that none of these contacts are alone sufficient to justify venue in California. *See* Reply at 7–10. However, considering all of the contacts in their totality, the Court cannot

6

agree with Defendants that "Vorago's contacts with California are virtually nonexistent." Mot. at 12.

Moreover, these contacts with California are clearly relevant to many of Plaintiff's claims. For example, Plaintiff's claims for breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, and fraud revolve around Defendants' representations that were made (or not made) to Plaintiff in California while she was being recruited. *See* Compl. ¶¶ 32–93 (alleging, for example, that Defendants made a number of false "promises to Plaintiff before she accepted the position"). Thus, the "contacts relating to the plaintiff's cause of action in the chosen forum" are also considerable. *See Jones*, 211 F.3d at 498.

Thus, the parties and the claims share substantial contacts with both the Northern District of California and the Western District of Texas. As a result, the Court holds that Plaintiff's choice of forum should be accorded its normal "great weight." *See Belzberg*, 834 F.2d at 739.

### 2. Convenience of Parties and Witnesses

Defendants argue that the convenience of the parties and the witnesses favors transfer because "the most integral witnesses in this case . . . are all located in Texas." Mot. at 9. The Court disagrees and holds that this factor is neutral.

Defendants identify, and Plaintiff concedes, that the only witness in California is Plaintiff. Mot. at 10; Opp'n at 19. On the other hand, Defendants identify only two individuals based in Texas that may serve as witnesses: (1) Defendant Lienhard, who is Vorago's CEO and Plaintiff's former supervisor, who would testify about "the decision-making behind the elimination of Plaintiff's position"; and (2) Garry Nash, Vorago's Senior Vice President of Operations and Quality, who "may best be able to explain the workings of the bonus payment plan and would also be able to speak to Plaintiff's yearly performance." Mot. at 9–10. The two witnesses in Texas identified by Defendants are insufficient to weigh in favor of transfer. Both of Defendants' witnesses in Texas are employees of Vorago. *Id.* at 9–10. "[T]he convenience of a litigant's employee witnesses are entitled to little weight because litigants are able to compel their employees to testify at trial, regardless of forum." *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772,

7

Case No. 19-CV-02651-LHK
ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

779 (N.D. Cal. 2014). Moreover, one of these witnesses is a named defendant in this case. As a result, the Court cannot agree that Defendants' two witnesses in Texas would be sufficient to tip the scales in favor of transfer.

Moreover, "[t]he moving party is obligated to identify the key witnesses to be called and to present a generalized statement of what their testimony would include." *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1093 (N.D. Cal. 2002). Defendants vaguely suggest that there may be other witnesses based in Texas who "made decisions regarding Plaintiff's compensation . . . and business decisions impacting her compensation package." Mot. at 10. Similarly, Defendants argue that unidentified non-party "witnesses—whether current or former employees—may be parsed out through discovery." Reply at 11. Because the Court cannot assess the relevance of these unidentified witnesses, the Court accords no weight to Defendants' "vague generalizations" regarding the convenience of these witnesses. *See Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998), *aff'd*, 210 F.3d 1036 (9th Cir. 2000).

In sum, because Defendants have identified only two employees of Vorago for whom transfer might be more convenient, the Court finds that this factor is neutral.

### 3. Ease of Access to Evidence

Defendants argue that "the location of key documents and key personnel in Texas favors transfer to the Western District of Texas." Mot. at 14. The Court disagrees.

Specifically, Defendants argue that "payroll records," and "other documents regarding corporate policies" are kept at Vorago's headquarters in Austin, Texas. Mot. at 14. Defendants also argue that testimonial evidence from key witnesses "emanates from Texas"; however, this consideration goes toward the convenience of the witnesses, which the Court considered separately above.

Plaintiff argues that this factor is neutral because all of the evidence can be produced electronically. Opp'n at 21. Plaintiff notes that she and her counsel already have in their possession electronic copies of "all relevant documentary evidence," such as the employment agreement, bonus plans, the parties' correspondence, the draft separation agreement, Plaintiff's

8

Case No. 19-CV-02651-LHK
ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

1  personnel file, and payroll records. *Id.*

2  The Court agrees with Plaintiff that, "in this type of case where electronic discovery is the norm (both for electronic information and digitized paper documents), ease of access is neutral given the portability of the information." *Lax*, 65 F. Supp. 3d at 780.

Defendants do not claim that there is any physical evidence that could not be produced electronically. Instead, Defendants raise two tangential points in response. First, Defendants quote a nearly decades-old case to argue that, despite the availability of electronic discovery, "the cost of litigation will likely be less if the case were venued in the forum where the evidence is located." Reply at 10 (quoting *Italian Colors Rest. v. Am. Express Co.*, No. C 03-3719, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003)). The Court cannot agree that these speculative, unidentified costs would weigh in favor of transfer, particularly given the advancements in electronic discovery in the decades since the 2003 *Italian Colors* decision. Second, Defendants argue that Plaintiff "narrowly construes the universe of documentary evidence." Reply at 10. Defendants dig deep for additional examples of evidence that might be relevant: for example, "other documents regarding corporate polices," and "minutes and notes from meetings of the Board of Directors." *Id.* Notably, Defendants never claim that such documents would not be producible electronically.

Accordingly, because all non-testimonial evidence in this case identified by the parties consists of documents that may be produced electronically, the Court finds that this factor is neutral.

### 4. Other Convenience Factors

Plaintiff additionally argues that "litigating this action in Texas would be so gravely difficult and inconvenient to Plaintiff as to likely deprive Plaintiff of her day in court." Opp'n at 23. Plaintiff claims that she likely could not retain a Texas attorney to represent her on a contingent fee basis because the case "involv[es] Plaintiff's rights as a California employee." *Id.* at 24. Plaintiff additionally argues that she does not have "sufficient resources to afford the expense of making multiple trips from Northern California to Austin, Texas" for depositions or

9
Case No. 19-CV-02651-LHK
ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

court appearances. *Id.* Plaintiff also states that she has very limited ability to travel due to her new job and her existing commitments to visit her elderly parents in France. Joubert Decl. ¶ 32.

Defendant argues that Plaintiff's statements are speculative and unsubstantiated. Reply at 11. The Court agrees with Defendant that Plaintiff's claim about her ability to retain counsel are speculative because Plaintiff has not indicated that she has ever looked into retaining Texas counsel. *See* Joubert Decl. ¶ 33. However, Plaintiff does in fact substantiate other difficulties she would face litigating the case in Texas, such as issues with taking time off from her new job and with visiting her elderly parents. *See id.* ¶ 32. Accordingly, the Court finds that these considerations weigh against transfer.

### 5. The Interest of Justice

In evaluating the interest of justice, a court may consider "public interest factors such as court congestion, local interest in deciding local controversies, conflicts of laws, and burdening citizens in an unrelated forum with jury duty." *Decker Coal Co.*, 805 F.2d at 843. The parties raise three such factors: (1) local interest in the controversy, (2) familiarity with the governing law, and (3) court congestion. The court addresses each of these "interest of justice" factors in turn.

#### a. Local Interest in the Controversy

The parties dispute whether Texas or California has a greater local interest in resolving the instant controversy. The Court finds that both states have at least some interest in the controversy, and thus this factor is neutral.

Specifically, Defendants argue that Texas has "a more substantial interest in deciding this case, given that Vorago is headquartered in Texas and employs a substantial number of its citizens." Mot. at 15. Defendant points to cases finding that a state "has an interest in deciding controversies involving businesses headquartered there, and that employs a substantial number of citizens." *Id.* (quoting *Robinowitz v. Samsung Elecs. Am., Inc.*, Case No. 14-CV-00801-JCS, 2014 WL 5422576, at *7 (N.D. Cal. Oct. 10, 2014)).

Plaintiff argues that any such interest is minimal. In her declaration, Plaintiff states that, as

10

Case No. 19-CV-02651-LHK
ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

of 2018, Vorago employed no more than 15 employees, of which at least three were located outside of Texas. *See* Opp'n at 22 (citing Joubert Decl. ¶ 27). Defendants do not dispute Plaintiff's characterization. Instead, Defendants assert baseless objections to Plaintiff's statement, which the Court overruled above. Specifically, Defendants assert that Plaintiff lacks "foundation and personal knowledge." ECF No. 31 at 30. However, "[p]ersonal knowledge may be inferred from a declarant's position." *See Sloan v. Pfizer, Inc.*, Case No. C 08-1849 SBA, 2008 WL 4167083, at *2 (N.D. Cal. Sep. 8, 2008). Defendants also quizzically assert that Plaintiff's statement constitutes "improper opinion of a lay witness," ECF No. 31 at 30, but Plaintiff's statement that Vorago "had a total of only about 12-15 employees" is plainly a factual assertion, not an opinion. Moreover, Defendants do not provide any statement or data contradicting Plaintiff's numbers. *See* Reply at 12; *Robinowitz*, 2014 WL 5422576, at *7. Nonetheless, the Court finds that Texas has at least some interest in deciding this controversy in light of Vorago's physical presence in Texas and its small number of Texas employees.

On the other hand, Plaintiff is correct that California also has some interest in protecting its workers. Courts have found that a state has local interest in resolving disputes arising out of a state citizen's employment. *See, e.g.*, *Mason v. Telefunken Semiconductors America LLC*, Case No. C12-05163 HRL, 2012 WL 6652496, at *2 (N.D. Cal. Dec. 20, 2012) ("New Hampshire would appear to have more local interest in the controversy than California—this employment suit is brought by a New Hampshire employee over work he performed in New Hampshire for a company that does business in New Hampshire."). Similarly, the instant case is an employment suit brought by a California employee over work she performed in California for a company that does business in California. Thus, the Court finds that this District also has a local interest in resolving the instant case.

As a result, the Court finds that both this District and the Western District of Texas have some local interest in this case, but that neither has an overriding interest. Thus, this factor is neutral.

11
Case No. 19-CV-02651-LHK
ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

### b. Familiarity with Governing Law

As an initial matter, the parties dispute which state's laws govern the instant case. Defendants argue that the parties' employment agreement requires application of Texas law. Mot. at 8 (quoting Lienhard Decl., Ex. A. at 3 ("This agreement shall be construed and interpreted in accordance with the internal laws of the State of Texas . . . ."). Plaintiff responds that the choice-of-law provision is invalid under California Labor Code section 925. Opp'n at 10–13. The Court finds that, regardless of whether California Labor Code section 925 applies, the factor is neutral with respect to transfer.

As an initial matter, the Court need not resolve the parties' dispute about whether California Labor Code section 925 applies. California Labor Code section 925 renders voidable employment conditions that would "[d]eprive the employee of the substantive protection of California law with respect to a controversy arising in California." However, the provision covers only "employee[s] who primarily reside and work in California," and only to "a contract entered into, modified, or extend on or after January 1, 2017." *See* Cal. Labor Code § 925(a), (f). The parties dispute whether these conditions apply to Plaintiff. *See* Opp'n at 10–13; Reply at 3–6. The Court declines to resolve these disputes at this early juncture with only a sparse factual record.

More importantly, even if section 925's conditions are met, it is not clear that the choice-of-law provision in the parties' employment agreement deprives Plaintiff of "the substantive protection of California law." *See* Cal. Labor Code § 925(a)(2). The parties' choice-of-law provision by its terms covers interpretation of the employment agreement and thus merely requires that a court apply to Texas contract law to the agreement. *See* Lienhard Decl., Ex. A. at 3. Under Texas law, narrow choice-of-law provisions that merely provide "under what law an agreement 'shall be interpreted and enforced,' apply only to the interpretation and enforcement of the contract itself; they do not 'encompass all disputes between the parties.'" *Narayan v. EGL, Inc.*, 616 F.3d 895, 898 (9th Cir. 2010) (citation omitted). The choice-of-law provision at issue here is narrow because it merely provides that the agreement "shall be construed and interpreted in accordance with the internal laws of the State of Texas." Lienhard Decl., Ex. A. at 3. The

12

Case No. 19-CV-02651-LHK
ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

agreement is otherwise silent on which state's employment and tort laws would govern the employment relationship. Thus, it is possible that Texas law may apply to Plaintiff's contract claims and California law may apply to Plaintiff's employment and tort claims.

Because both Texas law and California law may apply in this case, the Court finds that this factor is neutral.

### c. Court Congestion

Defendants argue that the relative court congestion in the Northern District of California and the Western District of Texas is neutral with respect to transfer. Mot. at 15–16 (comparing median time from filing to trial in W.D. Tex., 27.4 months, and in N.D. Cal., 25.7 months). Plaintiff agrees and points to the "insignificant differences" in congestion between the two districts. Opp'n at 23. Accordingly, the Court finds that the factor of court congestion is neutral.

### 6. Balancing of Factors

Defendants have failed to meet their burden to overcome Plaintiff's choice of forum and to demonstrate that transfer to the Western District of Texas is appropriate. Defendants have not shown that a single factor affirmatively favors transfer. Instead, as discussed above, the convenience and fairness considerations under § 1404(a) are largely neutral or weigh in favor of keeping the case in this District. Thus, on balance, the Court finds that transfer to the Western District of Texas is not justified.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to transfer the instant case to the Western District of Texas.

**IT IS SO ORDERED.**

Dated: March 13, 2020

*Lucy H. Koh*

LUCY H. KOH
United States District Judge